Day, C. J.
The case, briefly stated, is this : Spencer Cooper and Achsa Cooper were husband and wife. The wife obtained a divorce from her husband, and a decree .against him for $1,000 as alimony, which was made a lien, on his real estate.
All the real estate-of the husband had been previously mortgaged by him and his wife; some of the mortgages covered all the land, and others different portions.
Spencer Cooper having no goods or chattels subject to execution, Achsa Cooper, to enforce the collection of her decree for alimony, brought suit against him in the nature of a creditor’s bill, making all his mortgagees and judgment creditors parties.
Upon this proceeding, all the real estate of Spencer Cooper was sold, but did not bring money enough to pay all the liens. After paying the mortgages, some in full, and others partly, there remained $472, which, in the order of priority, would be payable to Achsa Cooper, in part satisfaction of her decree for alimony.
Thereupon, Spencer Cooper, claiming to be the head of a family, filed his claim to have the.money decreed to him in lieu of his homestead, which had been sold under the decree upon the mortgages. The Court of Common Pleas granted this claim, and ordered the money to be paid to him.
From this decree, Achsa Cooper appealed to the District Court, which rendered judgment for the money in her *490 ■favor. To inverse this judgment, Spencer Cooper now asks leave to file a petition iu error in this court.
The claim of Achsa Cooper to the fund in dispute was only that of a judgment creditor of Spencer»'Cooper. The question then is, whether he was entitled, as against his general creditors, to the benefit of the homestead exemption laws.
Hut preliminary to the consideration of this question, we are called upon to determine whether it is to be settled upon the facts as they existed at the time the judgment complained of was rendered, or as they were when the application for the exemption was made.
It is claimed in behalf of Spencer Cooper, that when he filed his motion to have the fund decreed to him in lieu of a homestead, the facts were such that he was entitled thereto, and that the District Court ought to have considered such facts only as, then existed, notwithstanding material changes may have subsequently taken place.. On the other hand, it is claimed, on the part of Achsa Cooper, that the question is to be determined upon the facts as they existed at the time the fund was finally disposed of by the District Court.
We think the debtor must be entitled to the exemption at the time of the final disposition of the fund; for during the time his application for the exemption is pending, and while the money remains subject to the order of the court, he may fortunately acquire a homestead, or unfortunately all the members of his family may die, or for some other reason he may cease to be the head of a family, and therefore not be entitled to the exemption.
The debtor, in this case, may have been entitled to the exemption when he made his application to the Court of Common Pleas; but the case remained a long time pending on appeal in the District Court, and in the meantime Ms circumstances had materially changed, so that, at the time the fund was finally disposed of, he might not then have been entitled to the exemption.
It appears that, at that time, he was living alone; that he *491 had three children, one of whom, about five years of age, was the child of his divorced wife, to whose custody it was decreed by the court, and has ever since remained with and' been supported by her; that his other children by a former wife lived separately from their father; that one of these, a son sixteen years of age, lived in the State of Tennessee, working and receiving his own wages therefor, and the other, a daughter arrived at nearly the age of majority, did the same thing at another locality; that both of these children controlled their own wages and supported themselves entirely, with the consent of their father, and without any control or assistance from him.
Under this state of facts, we can not say the District Court were not warranted in holding that Cooper had emancipated some of his children, and that all of them had ceased to be members of his family, in the sense of looking to him for a home; that he had abandoned the idea of having a homestead for a family, and had therefore ceased to be the head of a family.
The homestead-exemption statutes of this state are based, not so much upon the idea of a personal privilege to the-debtor, as upon that of preserving a family home. The exemptions, therefore, are provided only for “the head of a family,” and have sole reference, as stated in the title of the act, to “the homesteads of families.”
"Without quoting the particular sections of the statute under which the exemption in question is claimed, we deem it sufficient to say that they are in harmony with the obvious policy of the whole act, to exempt the homestead of a family from forced sale, or to give “the head of a family ” a sum of money, not exceeding five hundred dollars, “in lieu of a homestead.” None of the exemptions were ever intended for the exclusive benefit of a debtor who has no family, and no occasion for a family homestead; nor for one who has ceased to be the head of a family, and has-voluntarily abandoned all idea of maintaining a family home.,
We are, therefore, not prepared to disagree with the decision of the District Court. Motion overruled.